# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Congaree Triton Acquisitions, LLC,<br><br>                                              Debtor. | C/A No. 12-00456-JW<br><br>Adv. Pro. No. 14-80026-JW<br><br>Chapter 7 |
| Robert F. Anderson, as Chapter 7 Trustee for Congaree Triton Acquisitions, LLC,<br><br>                                              Plaintiff,<br><br>v.<br><br>9002 Dunes, LLC;<br>FGSW, LLC;<br>Triton Partners Management Group d/b/a Triton Stone Management Group of Charlotte, LLC, d/b/a Triton Stone Management, LLC, d/b/a Triton Stone Group of Charlotte, LLC;<br>Triton Stone Group, LLC;<br>Triton Stone New Orleans, LLC;<br>Triton Stone of Charlotte, Inc.;<br>Triton Stone of Myrtle Beach, Inc.;<br>Triton Stone of Southaven;<br>Carroll A. Campbell, III;<br>John D. Cattano;<br>Federico J. Gildemeister;<br>Inga R. Ivey;<br>Joshua L. Kessler;<br>Michella I. Williams,<br><br>                                              Defendant(s). | **ORDER REGARDING MOTIONS TO DISMISS FILED BY JOSHUA L. KESSLER, TRITON STONE GROUP, LLC, TRITON STONE OF SOUTHAVEN, AND RANDY MATHIS** |

This matter comes before the Court on the Motion to Dismiss Amended Complaint or for More Definite Statement ("Motion") filed by Joshua L. Kessler, Triton Stone Group, LLC, and Triton Stone of Southaven (collectively, Movants), and the Motion to Dismiss Amended Complaint or for More Definite Statement filed by Randy Mathis. The Trustee and Defendants Carroll A. Campbell, III and John D. Cattano filed objections to the Motion.

1

During the hearing on the Motion, the Court took a brief recess and allowed the parties to meet to determine whether the issues presented by the Motion could be narrowed. After discussions, counsel for the Trustee announced the following agreement:

(1) The parties agree that causes of action 11, 12, 13, and 16 of the Amended Complaint are derivative actions and the Trustee has standing to pursue those causes of action.

(2) The only remaining issue for the Court to decide is whether the allegations in the Amended Complaint (as to causes of action 11, 12, 13, 14 & 16) relate back to Complaint filed March 11, 2014, such that they are timely filed under applicable state law with respect to Joshua L. Kessler, Triton Stone Group, LLC, and Triton Stone of Southaven only.

(3) On or before May 13, 2014, Joshua L. Kessler will file a supplemental brief regarding the issue of whether Mr. Kessler is not subject to causes of action 11, 12, 13 & 16, due to his status as general manager. The Trustee will file a responsive brief on or before May 22, 2014.

(4) With respect to the issues regarding service of the Amended Complaint on Triton Stone Management Group of Charlotte, LLC, and Triton Stone Group of Charlotte, LLC, the Trustee will receive a statement from counsel for these entities regarding their position on these issues on or before May 19, 2014, after counsel reviews the Amended Certificate of Service filed on May 1, 2014. The Trustee will respond to such statement within 7 days. If the parties are unable to resolve the service issues, the parties will file a joint letter requesting a hearing on the matter. If there are no outstanding issues, the Answer will be required to be filed by these entities by the deadline set forth in the order regarding the Amended Summons.

(5) The parties agree that the issue raised in Mathis's Motion to Dismiss regarding whether Randy Mathis received a distribution under applicable state law will be converted to a motion for summary judgment and will be considered at a later time following discovery.

With regard to the outstanding issue of whether the allegations in the Amended Complaint (as to causes of action 11, 12, 13, 14 & 16) relate back to the Complaint filed March 11, 2014, the Court makes the following findings of fact and conclusions of law:

2

## FINDINGS OF FACT

1. On January 26, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On June 29, 2012, the case was converted to a case under Chapter 7 and Robert F. Anderson was appointed as Chapter 7 Trustee ("Trustee").

3. On March 10, 2014, the Trustee commenced this adversary proceeding by filing a complaint ("Original Complaint") asserting claims for fraudulent conveyance under 11 U.S.C. §§ 544(b) and 548(a)(1)(B), preference under 11 U.S.C. § 547, and avoidance of certain promissory notes under 11 U.S.C. § 544(a)(1) against Joshua L. Kessler ("Kessler"), Triton Stone Group, LLC ("TSG"), and Triton Stone of Southaven ("TSS"), among others.

4. The claims asserted against the Movants in the Original Complaint arise out of or are related to a transaction that closed on March 11, 2011 (the "Purchase Transaction"), wherein the Debtor acquired substantially all of the assets of Triton Stone of Charlotte, Inc. and Triton Stone of Myrtle Beach, Inc. (collectively, the "Sellers") through an Asset Purchase Agreement ("APA"). The Trustee alleges that Kessler was the general manager of the Sellers and a principal of TSG and TSS. In the Original Complaint, TSG is alleged to be a member of Triton Stone Management Group of Charlotte, LLC ("TSM"), and TSM is alleged to be the manager of the Sellers under a Management Agreement entered into on July 13, 2009 ("Management Agreement").

5. On April 3, 2014, the Trustee filed an Amended Complaint, which added Triton Partners Management Group ("TPMG") (doing business as Triton Stone Management Group of Charlotte, LLC, Triton Stone Management, LLC and Triton Stone Group of Charlotte, LLC), Triton Stone of Charlotte, Inc., and Triton Stone of Myrtle

3

Beach, Inc. as defendants. The Amended Complaint clarifies that TPMG was the manager under the Management Agreement. In the Amended Complaint, the Trustee replaced the original claims against the Movants with the following causes of action:

   a. **11th Cause of Action – Breach of Fiduciary Duty** - 11 U.S.C. § 541. This cause of action is asserted against Kessler and TPMG, an unincorporated entity of which TSG and/or TSS are alleged to be members. This cause of action is based upon Kessler and TPMG's alleged breach of duties to the Sellers and the Seller's creditors (including the Debtor) by failing to exercise reasonable care in negotiating, structuring, and consummating the APA with knowledge of the insolvency of the Sellers, engaging in self-dealing, transferring the Sellers' assets without obtaining reasonably equivalent value to be paid to the Sellers, receiving the Purchase Price Promissory Notes, and receiving preferential payments of their unsecured loans at the expense of the Sellers' other creditors.

   b. **12th Cause of Action – Constructive Fraud under South Carolina and North Carolina Law** – 11 U.S.C. § 541. This cause of action is based upon Kessler's and the members of TPMG's alleged breach of fiduciary duties to the Sellers through the negotiation and structuring of the APA and taking advantage of their fiduciary duties in order to personally benefit themselves to the detriment of the Sellers and the Sellers' creditors. Their actions are alleged to have improperly harmed the economic value of the Sellers to the detriment of their creditors.

4

c. **13th Cause of Action – Avoidance of Corporate Form –** In this cause of action, the Trustee seeks to avoid TPMG's corporate form to hold TSS and TSNO liable for TPMG's breaches of duty to the Sellers in connection with the Purchase Transaction. The Trustee alleges that TMPG had no separate mind, will or existence of its own apart from TSS and Triton Stone New Orleans, LLC ("TSNO"), and that TSS and TSNO controlled and completely dominated TPMG in breaching the fiduciary duty of loyalty and good faith owed by TPMG to Sellers through assisting in the structuring and approving the distribution of the purchase price in connection with the Purchase Transaction. The Trustee alleges that TPMG was not capitalized for corporate undertaking, did not observe corporate formalities, and did not maintain its own corporate records, and was a mere façade for the operations of TSS and TSNO created for purposes of entering into the Management Agreement with the Sellers.

d. **14th Cause of Action – Equitable Subordination** – 11 U.S.C. § 510(c) - The Trustee seeks equitable subordination of the claims filed by TSG and Kessler due to their breach of their fiduciary duties of loyalty and good faith to the Sellers (of which the Debtor is a mere continuation). The Trustee alleges that after the Purchase Date, TSG and Kessler directed the Debtor in its operations and treatment of creditors so as to unqualifiedly dictate the Debtor's corporate policy and disposition of corporate assets. TSG and Kessler are alleged to be insiders whose conduct conferred an unfair advantage upon them.

  e. **16th Cause of Action – Restitution** – The Trustee alleges that the Sellers conferred a non-gratuitous benefit on Kessler, TPMG and others in their receipt of proceeds from the Purchase Price as well as payments on the Purchase Price Promissory Notes which they received as a result of their breaches of fiduciary duties and would be inequitable for them to retain.

## CONCLUSIONS OF LAW

Movants assert that the Amended Complaint contains factual and legal allegations which were not contained in the Original Complaint and that some or all of these allegations were not timely raised as required by S.C. Code §§ 15-3-530[1] and 33-8-420(e),[2] because

---

[1] S.C. Code Ann. § 15-3-530 provides a three year statute of limitations for the following actions:

 (1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520;
 (2) an action upon a liability created by statute other than a penalty or forfeiture;
 (3) an action for trespass upon or damage to real property;
 (4) an action for taking, detaining, or injuring any goods or chattels including an action for the specific recovery of personal property;
 (5) an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545;
 (6) an action under Sections 15-51-10 to 15-51-60 for death by wrongful act, the period to begin to run upon the death of the person on account of whose death the action is brought;
 (7) any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;
 (8) an action on any policy of insurance, either fire or life, whereby any person or property, resident or situate in this State, may be or may have been insured, or for or on account of any loss arising under the policy, any clause, condition, or limitation contained in the policy to the contrary notwithstanding;  and
 (9) an action against directors or stockholders of a monied corporation or a banking association to recover a penalty or forfeiture imposed or to enforce a liability created by law, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached or the liability was created, unless otherwise provided in the law under which the corporation is organized.

[2] S.C. Code Ann. § 33-8-420(e) provides:
An action against an officer for failure to perform the duties imposed by this section must be commenced within three years after the cause of action has accrued, or within two years after the time when the cause of action is discovered, or should reasonably have been discovered, whichever sooner occurs.  This limitations period does not apply to breaches of duty which have been concealed fraudulently

6

they were brought more than three years after the causes of action accrued, and therefore, those allegations should not be permitted to relate back to the date of the Original Complaint. In response, the Trustee asserts that the amendments should relate back pursuant to Fed. R. Civ. P. 15(c)(1)(B) because (1) they assert claims arising out of the same core facts as the claims set out in the timely filed Original Complaint; (2) the Amended Complaint renders the prior allegations more definite and precise; and (3) both the Original Complaint and the Amended Complaint arise out of the same conduct, transaction, or occurrence because they arise out of the conduct and actions surrounding the APA.

Federal Rule of Civil Procedure 15, which is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7015, provides in relevant part that:

(a) Amendments before Trial.
  (1) *Amending as Matter of Course.* A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (3), or (f), whichever is earlier.
....
(c) Relation Back of Amendments
  (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
    (A) the law that provides the applicable statute of limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading; or
    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
      i. received such notice of the action that it will not be prejudiced in defending on the merits; and
      ii. knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

7

In order for a claim to arise out of the same conduct transaction or occurrence as set forth in the original complaint under Rule 15(c), the U.S. Supreme Court has stated that there must be a "common core of operative facts uniting the original and newly asserted claims." Mayle v. Felix, 545 U.S. 644, 659 (2005); see also South Carolina Wildlife Fed. v. Limehouse, 2009 WL 2244210 (D.S.C. Jul. 27, 2009) (applying Mayle standard). A new claim arises out of a "common core of operative facts" (and thus relates back) where the events giving rise to that claim are the same in both time and type as those giving rise to the original claim. See South Carolina Wildlife Fed., 2009 WL 2244210, at * 3; Wilson v. Carolina Power & Light Co., 2009 WL 778774 (D.S.C. Mar. 20, 2009). A new claim will not relate back if it is separated by time and type from those addressed in the original complaint. United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000). The party asserting the relation back of an amended complaint to a timely filed complaint bears the burden of proof. In re Enron Corp., 357 B.R. 257 (Bankr. S.D.N.Y. 2006).

Movants argue, without specificity, that the Amended Complaint contains factual allegations which were not contained in the Original Complaint. In support of their argument that the Court should not find that the Amended Complaint relates back to the Original Complaint, Movants cite In re New Bedford Capacitor, Inc., 301 B.R. 375 (Bankr. D. Mass. 2003) and Warner Advertising, Inc., v. The Cabral Company, Inc.. C/A No. 95-72771-JW, Adv. Pro. No. 95-8151, slip op. (Bankr. D.S.C. Mar. 7, 1996). Both cases are distinguishable from this case.

In New Bedford, the plaintiff's original complaint sought to avoid and recover seven specific preferential transfers. The complaint was three and one-half pages and contained only a chart of payments, listing the check date, check number and check amount, and

8

allegations mirroring the elements of a preference set forth in § 547(b)(1)-(4).  The plaintiff amended the complaint to add an additional preferential transfer.  The bankruptcy court granted the defendant's motion for partial summary judgment with regard to the added preference claim on the grounds that it was time-barred, noting that each transfer between the debtor and a potential preference defendant is an isolated event.  In this case, the Trustee has removed his preference and fraudulent transfer claims against Movants from the Amended Complaint, apparently in recognition that those claims are time-barred, and now asserts new claims based upon the same conduct related to the Purchase Transaction.  Unlike the complaint in New Bedford, the 72-page Original Complaint contained more than one hundred paragraphs of factual allegations regarding conduct of the Movants and other parties before, during, and after the Purchase Transaction, many of which remain in the Amended Complaint and serve as the factual basis for the new claims raised by the Trustee.

In Warner Advertising, this Court denied a plaintiff's motion to amend complaint to change the defendant and have such amendment relate back to the date of the original complaint, finding that the amendment beyond the statute of limitations and four years after the commencement of the action was not in the interests of justice.  This case is distinguishable from Warner Advertising because Warner Advertising addresses Rule 15(c)(1)(C), which covers amendments to change the party or naming of party, while the issue in this case is governed by Rule 15(c)(1)(B), which governs amendments to assert a claim or defense that arose out of the conduct, transaction or occurrence set out in the original pleading.

The 11th and 12th Causes of Action in the Amended Complaint, Breach of Fiduciary Duty and Constructive Fraud, are based upon Kessler[3] and TPMG's conduct in association with the negotiation, structuring and consummation of the APA. The Original Complaint contained allegations regarding the APA negotiation, structuring and final consummation, including allegations regarding the Sellers and Debtors' financial instability during the relevant period, the transfer of the Sellers' assets without obtaining reasonably equivalent value to be paid to the Sellers, and the receipt of preferential payments to the detriment of the Sellers' creditors. See Original Complaint, at ¶ 34, 39, 73-82 (no direct consideration received by Sellers as a result of Purchase Transaction, Sellers were insolvent), 84-87 (insolvency of Sellers prior to and at time of Purchase Transaction); 351-379 (Kessler's role in the negotiation, structuring and consummation of the Purchase Transaction, knowledge of the Sellers' insolvency, duty of loyalty to Sellers and self-dealing, Kessler's fiduciary duties to Sellers' creditors under the trust fund doctrine). Despite changing the legal theory of liability, the allegations in the Amended Complaint regarding the 11th and 12th Causes of Action appear to arise out of a common core of operative facts as those set forth in the Original Complaint, which gave rise to the Trustee's previous claims for fraudulent conveyance, avoidance of preferential transfers, and avoidance of purchase price promissory notes. See Bularz v. Prudential Ins. Co. of America, 93 F.3d 372 (7th Cir. 1996) (stating that relation back is permissible under Rule 15(c)(2) if a plaintiff seeks to state a new claim based upon the same core of facts but involving a different substantive legal theory); see also 6A Charles Alan Wright et al, Federal Practice and Procedure § 1497 (3d ed. 2010) (stating that "[t]he fact that an amendment changes the legal theory on which the action

---

[3] Kessler is alleged to be a principal of TSG and TSS, TSG is alleged to be the same entity as TSS, and TSS and TSNO are alleged to be members of TPMG.

10

initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading").

In the 13th Cause of Action, Avoidance of Corporate Form, the Trustee seeks to hold TSS and TSNO liable for TPMG's breaches of fiduciary duty to the Sellers in connection with the Purchase Transaction, by avoiding the corporate form of TPMG, alleging that it had no separate mind, will, or existence of its own apart from TSS and TSNO, and that it was dominated by members of TSS and TSNO. The Trustee alleges in the Amended Complaint that TPMG breached fiduciary duties to the Sellers by structuring and approving the distribution of the purchase price in connection with the Purchase Transaction with knowledge of the outstanding trade accounts payable obligations owed by the Sellers. TPMG was not named in the Original Complaint;[4] however, the Trustee alleges in the Amended Complaint that TPMG did business as Triton Stone Management, LLC, Triton Stone Group of Charlotte, LLC, and Triton Stone Management Group of Charlotte, LLC. Each of these entities and TPMG's members, TSS and TSNO, were named in the Original Complaint, as well as TSS's member, Kessler. The Original Complaint included allegations regarding terms of the Management Agreement and attached a copy of the Management Agreement as an Exhibit to the Complaint. The Original Complaint identifies Triton Stone Management Group of Charlotte, LLC (doing business as Triton Stone Management, LLC and Triton Stone Group of Charlotte, LLC) as the manager under the Management Agreement, while the Amended Complaint clarifies that the manager under the Management

---

[4] In Paragraph 25 of the Original Complaint, TSM (Triton Stone Management Group of Charlotte, LLC), comprised of Triton Stone of Knoxville, TSNO, and TSG, is identified as the entity which entered into a three-year Management Agreement with the Sellers. In Paragraph 28 of the Amended Complaint, TPMG, comprised of the entities TSNO and TSS, is identified as the entity which entered into the three-year Management Agreement with the Sellers.

11

Agreement is TPMG.[5] The allegations against TPMG arise out of the same conduct and transaction as that set forth in the Original Complaint, i.e., the actions taken by the manager under the Management Agreement in connection with the Purchase Transaction. Therefore, this cause of action relates back to the Original Complaint pursuant to Rule 15(c)(1)(B).[6]

The 14th Cause of Action, Equitable Subordination, is an action in equity and, as such, is not governed by a statute of limitations. See Shearer v. Tepsic (In re Emergency Monitoring Technologies, Inc., 366 B.R. 476 (Bankr. W.D.Pa. 2007) ("[T]he law is clear that a statute of limitations does not exist with respect to equitable subordination actions brought under § 510(c).") (citing In re GNK Enterprises, Inc., 197 B.R. 444, 449 (Bankr. S.D.N.Y. 1996)). Accordingly, it is not necessary to decide whether this cause of action relates back to the Original Complaint.

In the 16th Cause of Action, Restitution, the Trustee seeks to recover proceeds from the Purchase Price and payments on the Purchase Price Promissory Notes received by Kessler and TPMG on the grounds that it would be inequitable for them to retain such proceeds and payments due to their breaches of fiduciary duty. The Original Complaint contained allegations regarding distributions by the Debtor to the APA purchase price obligees in connection with the Purchase Transaction. Similar to the 12th and 13th Causes of Action, this cause of action merely changes the legal theory for relief using the same core

---

[5] The Management Agreement attached as an exhibit to the Complaint identifies Triton Stone Management, LLC as the manager under the Management Agreement.

[6] Even if the Court were to consider this claim under Rule 15(c)(1)(C), it would nevertheless find that the claim relates back because the entities through which TPMG was conducting business were named in the Original Complaint and the Management Agreement pursuant to which TPMG managed the Sellers was referenced and attached to the Original Complaint, therefore TPMG had notice and would not be prejudiced in defending this claim on the merits and knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity – a mistake undoubtedly caused by the complicated corporate structure of TPMG and its related entities.

facts set forth in the Original Complaint. Therefore, this cause of action relates back to the Original Complaint.

## CONCLUSION

For the reasons set forth above, the Court concludes that the causes of action asserted against the Movants in the Amended Complaint arise out of a common core of operative facts and thus relate back to the Original Complaint pursuant to Fed. R. Civ. P. 15(c)(1)(B).[7] Accordingly, Movants' Motion to Dismiss on the grounds that the causes of action are barred by applicable statutes of limitation is denied.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**05/29/2014**



US Bankruptcy Judge
District of South Carolina

Entered: 05/29/2014

---

[7] In light of this ruling, the Court finds it unnecessary to discuss the arguments raised by the *pro se* defendants, Carroll A. Campbell, III and John D. Cattano.