# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Congaree Triton Acquisitions, LLC,<br><br>Debtor. | C/A No. 12-00456-JW<br><br>Adv. Pro. No. 14-80026-JW<br><br>Chapter 7 |
| Robert F. Anderson, as Chapter 7 Trustee for Congaree Triton Acquisitions, LLC,<br><br>Plaintiff,<br><br>v.<br><br>9002 Dunes, LLC;<br>FGSW, LLC;<br>Triton Partners Management Group d/b/a<br>Triton Stone Management Group of Charlotte, LLC, d/b/a Triton Stone Management, LLC, d/b/a Triton Stone Group of Charlotte, LLC;<br>Triton Stone Group, LLC;<br>Triton Stone New Orleans, LLC;<br>Triton Stone of Charlotte, Inc.;<br>Triton Stone of Myrtle Beach, Inc.;<br>Triton Stone of Southaven;<br>Carroll A. Campbell, III;<br>John D. Cattano;<br>Federico J. Gildemeister;<br>Inga R. Ivey;<br>Joshua L. Kessler;<br>Michella I. Williams,<br><br>Defendant(s). | **SECOND ORDER REGARDING MOTION TO DISMISS FILED BY JOSHUA L. KESSLER, TRITON STONE GROUP, LLC, AND TRITON STONE OF SOUTHAVEN** |

This matter is before the Court on the Motion to Dismiss the Amended Complaint filed by Joshua L. Kessler, Triton Stone Group, LLC, and Triton Stone of Southaven (collectively, "Defendants"). At the hearing on the Motion, Defendants raised for the first time the issue of whether Defendants, as manager or general manager, owed a fiduciary duty to Triton Stone of Myrtle Beach, Inc. ("TSMB") and Triton Stone of Charlotte, Inc.

("TSCLT"). The Court allowed the parties additional time following the hearing to brief this issue.[1] After considering the supplemental memoranda on this issue, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On January 26, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On June 29, 2012, the case was converted to a case under Chapter 7 and Robert F. Anderson was appointed as Chapter 7 Trustee ("Trustee").

3. On March 10, 2014, the Trustee commenced this adversary proceeding by filing a complaint ("Original Complaint") asserting claims for fraudulent conveyance under 11 U.S.C. §§ 544(b) and 548(a)(1)(B), preference under 11 U.S.C. § 547, and avoidance of certain promissory notes under 11 U.S.C. § 544(a)(1) against Defendants, among others.

4. The claims asserted against Defendants in the Original Complaint arise out of or are related to a transaction that closed on March 11, 2011 (the "Purchase Transaction"), wherein the Debtor acquired substantially all of the assets of TSCLT and TSMB through an Asset Purchase Agreement ("APA").

5. On April 3, 2014, the Trustee filed an Amended Complaint, which added Triton Partners Management Group ("TPMG"), TSCLT, and TSMB as defendants. In the Amended Complaint, the Trustee replaced the original claims against the Defendants with causes of action for breach of fiduciary duty, constructive fraud, avoidance of corporate form, equitable subordination, and restitution. The Amended Complaint alleges that TPMG was the manager of TSCLT and TSMB under a Management Agreement entered into on

---

[1] The Court entered an Order denying, in part, Defendants' Motion to Dismiss on May 29, 2014, which indicated that this issue would be addressed following the submission of additional briefing.

2

July 13, 2009 ("Management Agreement"). The Trustee alleges that Joshua L. Kessler ("Kessler") was the general manager of TSCLT and TSMB and a principal of Triton Stone Group, LLC ("TSG"), and Triton Stone of Southhaven ('TSS"). TSG and TSS are alleged to be members of TPMB, and are also alleged to be one and the same entity.

6.  In the Amended Complaint, the Trustee's Eleventh Cause of Action for breach of fiduciary duty and Twelfth Cause of Action for constructive fraud are asserted against Kessler and TPMB. In the Thirteenth Cause of Action, the Trustee seeks to avoid the corporate form of TPMG to hold TSS (and thus TSG) liable for TPMG's breach of fiduciary duty and constructive fraud.

## CONCLUSIONS OF LAW

Defendants contend that the Trustee's breach of fiduciary duty and constructive fraud causes of action should be dismissed because the Trustee has not alleged or otherwise demonstrated that Kessler and TPMG owe a fiduciary duty pursuant to S.C. Code Ann. § 33-8-420 or N.C. Gen. Stat. Ann. § 55-8-42, which impose fiduciary duties upon officers of a corporation.[2] For the reasons set forth below, the Court finds that Defendants' motion to dismiss on this ground should be denied.

### I.  *Legal Standard for Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). To satisfy the plausibility standard, the Trustee must plead factual content that

---

[2]  The Amended Complaint alleges that TSMB is a statutory close corporation organized under South Carolina law and TSCLT is a close corporation organized under the laws of North Carolina, thus South Carolina law applies with respect to Defendants' conduct or obligations in relation to TSMB and North Carolina law applies with respect to Defendants' conduct or obligations in relation to TSCLT.

3

allows the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged. Iqbal, at 1949. The Trustee must nudge his claims across the line from conceivable to plausible to resist dismissal. Bell Atlantic, 127 S.Ct. 1955 at 1960. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, at 1949.

## II.   The Trustee Adequately Alleges Facts Indicating that Kessler and TPMG are "Officers" under South Carolina & North Carolina Corporate Law

Defendants first argue that the Trustee has not adequately alleged that Kessler and TPMG are "officers" subject to fiduciary duties, because the Trustee has merely alleged that Kessler and TPMG were either managers or general managers of TSMB and TSCLT, neither of which constitute an officer of a corporation. The parties agree that the term "officer" is not defined under South Carolina or North Carolina corporate law. Defendants argue there is no authority to support the Trustee's position that a manager or general manager is subject to the same fiduciary obligations of an officer, but they do not identify any case where a court has concluded that a general manager did not constitute an officer.

The Trustee asserts that the issue of whether Kessler and TPMG are subject to the statutory standards of conduct as an officer depends upon their authority with respect to TSMB and TSCLT. While there appears to be no case law addressing this issue under South Carolina or North Carolina law, the Trustee cites an unpublished opinion, Pomeroy, Inc. v. Four Jaks, Inc., where the Fourth Circuit, applying West Virginia law, held that a general manager who had total authority over the operations of the company's facility was a corporate officer or director for that company. 11 Fed. Appx. 275, 2001 WL 603415 (4th Cir. Jun. 4, 2001). In making this determination, the Fourth Circuit noted that "Black's Law Dictionary defines corporate officers as: 'those persons who fill the offices which are

4

provided for in the corporate charter such as president, treasurer, etc., though in a broader sense the term includes vice presidents, general manager and other officials of the corporation.' " Id. (citing BLACK'S LAW DICTIONARY 340 (6th ed. 1990)). The Fourth Circuit observed that West Virginia case law provided no assistance in defining a corporate officer, but found that, regardless of the general manager's title, he had decision-making power, which came with a fiduciary duty to use it for the benefit of the company.

Like West Virginia, South Carolina and North Carolina have adopted the Model Business Corporation Act as the basis for their corporate code, and thus the statutes setting forth the fiduciary obligations of an officer in each state are nearly identical. *Compare* W.Va. Code Ann. § 31D-8-842(a)[3] *with* S.C. Code Ann. § 33-8-420(a);[4] N.C. Gen. Stat. Ann. § 55-8-42(a).[5] Accordingly, the Trustee maintains, and the Court agrees, that it is reasonable to assume that that the Fourth Circuit would similarly conclude under South

---

[3] W. Va. Code Ann. §31D-8-842 provides:
    (a) An officer, when performing in his or her official capacity, shall act:
    (1) In good faith;
    (2) With the care that a person in a like position would reasonably exercise under similar circumstances; and
    (3) In a manner the officer reasonably believes to be in the best interests of the corporation.

[4] S.C. Code. Ann. § 33-8-420(a) provides:
    (a) An officer with discretionary authority shall discharge his duties under that authority:
    (1) in good faith;
    (2) with the care an ordinarily prudent person in a like position would exercise under similar circumstances; and
    (3) in a manner he reasonably believes to be in the best interests of the corporation and its shareholders.

[5] N.C. Gen. Stat. Ann. § 55-8-42(a) provides:
    (a) An officer with discretionary authority shall discharge his duties under that authority:
    (1) In good faith;
    (2) With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and
    (3) In a manner he reasonably believes to be in the best interests of the corporation.

Carolina and North Carolina law that a general manager who has total authority and decision making power constitutes a corporate officer.[6]

The Trustee has alleged facts in the Amended Complaint which indicate that Kessler and TPMG had full and total control over TSMB and TSCLT's operations and management, including personnel issues, retaining and dismissing employees, adjusting salaries and compensation, and any expenditure related to day to day operation of the company. Kessler is alleged to have had total and final executive power on managing and running TSMB and TSCLT. TPMG is alleged to have had the authority pursuant to the Initial Management Agreement to execute decisions without the Board of Director's consent on behalf of TSMB and TSCLT. The Amended Complaint also contains allegations detailing Kessler and TPMG's extensive involvement in negotiating the terms of the Asset Purchase Agreement. These allegations appear adequate, under the standard applied in Pomeroy, to state a plausible claim that Kessler and TPMG, as general managers or managers, were subject to a fiduciary duty as corporate officers.[7]

### III. The Trustee Adequately Alleges that Kessler and TPMG Owed a Common Law Fiduciary Duty

Even if Kessler and TPMG did not constitute officers under state corporate law, the Trustee further argues that a common law fiduciary duty arises due to the established

---

[6] This conclusion is in accord with the definition of a general manager set forth in Black's Law Dictionary, which provides:
*general manager*. A manager who has overall control of a business, office, or other organization, including authority over other managers… ***A general manager is usu. equivalent to a president or chief executive officer of a corporation.***
(emphasis added).

[7] Defendants further argue that the fiduciary obligations imposed upon officers by state corporate law are not applicable because the Trustee has failed to allege that the Kessler and TPMG were designated in the bylaws or appointed as officers by the board of directors as required under both North Carolina and South Carolina law. In response, the Trustee argues that discovery has not begun and he has not been provided with access to the bylaws of TSMB or TSCLT or information regarding formal appointments of officers by these entities. In Pomeroy, the Fourth Circuit's conclusion that the general manager was an officer subject to fiduciary duties was made "regardless of his title." Therefore, it does not appear that the Trustee's failure to allege that Kessler and TPMG were designated in the bylaws or appointed as officers is fatal to his claim.

6

confidential relationship existing between these defendants and TSMB and TSCLT. Both North Carolina and South Carolina law provide for a common law fiduciary duty where one person reposes a special confidence in another, so that the other is bound to act in good faith and with due regard to the interests of the one imposing the confidence. See <u>Dixon v. Gist</u>, 724 S.E.2d 639, 643 (N.C. Ct. App. 2012); <u>Davis v. Greenwood School Dist. 50</u>, 620 S.E.2d 65, 68 (S.C. 2005). In addition, under North Carolina law, "an individual may owe a fiduciary duty to the corporation if he is considered to be a *de facto* officer or director, with authority for tasks such as signing tax returns, offering major input as to the company's formation and operation, or managing the company." <u>Kinesis Advertising v. Hill</u>, 652 S.E.2d 284, 295 (N.C. Ct. App. 2007). As detailed above, the Court finds that the Amended Complaint includes sufficient allegations of fact, which if true, could also give rise to a fiduciary duty owed by Kessler and TPMG under South Carolina and North Carolina common law or as *de facto* officers under North Carolina law with regard to TSCLT.

### *IV.    The Trustee May Assert Breach of Fiduciary Duty Claim and Constructive Fraud Against Kessler and TPMG*

Defendants argue that the Trustee cannot maintain a claim for breach of fiduciary duty and constructive fraud against Kessler and TPMG because he has not sufficiently alleged the existence of any fiduciary duty owed to the Debtor.[8] Defendants contend that any fiduciary duty owed by Kessler and TPMG would be owed to TSMB and TSCLT and not the Debtor, and note that the Trustee acknowledged at the hearing that this claim is a derivative claim asserted on behalf of the Debtor. The Trustee does not dispute that the fiduciary duty owed by Kessler and TPMG would be owed to TSMB and TSCLT, but

---

[8] Defendants appear to assert that the constructive fraud cause of action depends upon the establishment of a fiduciary duty owed by Kessler and TPMG to TSMB and TSCLT. This argument is therefore encompassed within the analysis set forth herein.

7

asserts that the Debtor purchased the claims of TSMB and TSCLT had against Kessler and TPMG as part of the Purchase Transaction pursuant to Section 1.01(xi) of the Asset Purchase Agreement, which provides that TSMB and TSCLT sold, assigned, transferred, conveyed and delivered, or caused to be transferred, conveyed and delivered to the Debtor "all claims of the [TSMB and TSCLT] against third parties relating to the Purchased Assets." Therefore, the Trustee argues that he may bring those legal claims because they are property of the estate pursuant to 11 U.S.C. § 541(a).

"A trustee in bankruptcy succeeds to all rights of the debtor, including the right to assert any causes of action belonging to the debtor…. A debtor's right to bring a legal claim is part of the bankruptcy estate under 11 U.S.C. § 541(a)." Vieira v. Anderson (In re Beach First Nat'l Bancshares, Inc.), 702 F.3d 772, 776 (4th Cir. 2012) (citing Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999). If Kessler and TPMG caused injury to TSMB and TSCLT by breaching their fiduciary duties, TSMB and TSCLT would be entitled to bring a direct action against Kessler and TPMG as officers or directors. See id. (citing Babb v. Rothrock, 303 401 S.E.2d 418, 419-20 (S.C. 1991)). If, as alleged by the Trustee, all of the assets of these entities, including their rights to bring legal claims, were transferred to Debtor thorough the Purchase Transaction, then the Trustee may properly maintain a claim against Kessler and TPMG for those purchased legal claims.

## CONCLUSION

Based upon the foregoing, the Defendants' Motion to Dismiss the Trustee's breach of fiduciary duty and constructive fraud claims is denied.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**06/20/2014**



*signed:* John E. Waites

US Bankruptcy Judge
District of South Carolina

Entered: 06/20/2014