# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Congaree Triton Acquisitions, LLC,<br><br>Debtor(s). | C/A No. 12-00456-JW<br><br>Adv. Pro. No. 14-80026-JW<br><br>Chapter 7 |
| Robert F Anderson,<br><br>Plaintiff(s),<br><br>v.<br><br>FGSW, LLC<br>9002 Dunes, LLC<br>Triton Stone of Charlotte, Inc.<br>Triton Stone New Orleans, LLC<br>Triton Stone Group, LLC<br>Triton Stone of Southaven<br>Triton Partners Management Group<br>Triton Stone Management LLC<br>Triton Stone Group of Charlotte, LLC<br>Federico J. Gildemeister<br>Michella I. Williams<br>Inga R. Ivey<br>Joshua L. Kessler<br>John D. Cattano<br>Carroll A. Campbell<br>Triton Stone Management Group of Charlotte, LLC<br>Triton Stone of Myrtle Beach, Inc.,<br><br>Defendant(s). | **ORDER** |

      This matter comes before the Court upon the request for a jury trial made by John D. Cattano ("Cattano") and Carroll A. Campbell ("Campbell") in their answers. A hearing was held on the jury demand, at which time the Court also considered its authority to enter final

Entered: 07/21/2016

judgments in this proceeding. Based on the arguments of the parties as well as the record, the Court makes the following findings of fact and conclusions of law.[1]

**FINDINGS OF FACT**

1. On January 26, 2012, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. From the commencement of the bankruptcy case, Debtor operated as a debtor-in-possession under 11 U.S.C. § 1107.

2. An order converting the case from Chapter 11 to Chapter 7 of the Bankruptcy Code was entered on June 29, 2012 ("Conversion Date"), at which time Debtor ceased operating as a debtor-in-possession, and Robert F. Anderson ("Trustee") was appointed as the Chapter 7 Trustee.

3. From Debtor's corporate inception until the Conversion Date, Campbell served as Debtor's chief executive officer and Cattano served as Debtor's chief financial officer.

4. On March 10, 2014, the Trustee commenced the above-captioned adversary proceeding by filing a complaint, which was subsequently amended on April 3, 2014 (collectively, "Complaint"). The Complaint alleges five causes of action against Campbell and Cattano in their capacity as officers of Debtor. Four of these causes of action—the Trustee's claims for breach of fiduciary duty and unjust enrichment against Campbell and Cattano—are based on alleged distributions that Debtor made to Campbell and Cattano while Debtor was insolvent. The fifth cause of action is based on allegations that Debtor incurred a loss of inventory in the approximate amount of $172,000 when Campbell and Cattano breached their post-petition fiduciary duties as officers of the debtor-in-possession.

---

[1] To the extent that any of the following Findings of Fact constitute Conclusions of Law or vice versa, they are adopted as such.

2

5. On April 17, 2014, Campbell and Cattano filed *pro se* answers to the Trustee's Complaint, which included a jury trial demand as to all of the Trustee's causes of action.

6. On October 20, 2014, a Consent Scheduling Order was entered, which set certain deadlines to expedite the disposition of the proceeding. Campbell, Cattano and the Trustee signed the Consent Scheduling Order. The Consent Scheduling Order included the following provision regarding the final authority of this Court ("Final Authority Provision"):

> On or about December 19, 2014, any party objecting to the entry of final orders or judgments by this Court on any issue in this adversary proceeding, whether or not designated as "core" under 28 U.S.C. § 157(b), shall file with this Court a motion requesting that this Court determine whether this proceeding is a core proceeding or otherwise subject to the entry of final orders or judgments by this Court. Any response to such motion shall be filed and served on or before January 5, 2015. FAILURE OF ANY PARTY TO FILE A MOTION ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH SHALL CONSTITUTE CONSENT BY SUCH PARTY TO THIS COURT ENTERING ALL APPROPRIATE FINAL ORDERS AND JUDGMENTS IN THIS PROCEEDING.

7. No party has filed a motion requesting the Court determine whether the proceeding is a core proceedings or otherwise subject to the entry of final orders or judgments by the Court, and the December 19, 2014 deadline has lapsed.

8. The Trustee has settled his causes of action against the other defendants in this proceeding, and the remaining causes of action for trial are those against Campbell and Cattano mentioned above.

9. A status hearing was held on February 9, 2016 to determine if the parties were ready to proceed to trial, at which time the Court also considered whether Campbell and Cattano are entitled to a jury trial and whether the Court may issue final judgments in this matter. If the Court determines that Campbell and Cattano are entitled to a jury trial, Campbell

and Cattano have expressly consented at the hearing to this Court conducting a jury trial pursuant to 28 U.S.C. § 157(e).

10. After the hearing, the parties filed memoranda regarding whether Campbell and Cattano have a right to a jury trial and whether the Court has the authority to enter final judgments in this proceeding.

## **CONCLUSION OF LAW**

The parties dispute whether Campbell and Cattano are entitled to a jury trial. The Trustee alleges that the claims are equitable and are not entitled to a jury trial. Campbell and Cattano assert that the Trustee is seeking only monetary damages, a legal remedy, which entitles them to a jury trial.

The Seventh Amendment to the United States Constitution provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." In Granfinanciera v. Nordberg, the Supreme Court set out the test for a bankruptcy court to determine if a party is entitled to a jury trial:

> "First, we compare the statutory action to the 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." The second stage of this analysis is more important than the first.

Granfinanciera v. Nordberg, 492 U.S. 33, 42 (1989) (quoting Tull v. United States, 481 U.S. 412, 417–18 (1987)). Whether a suit is legal or equitable is a question of federal law, even in a diversity case based on substantive state law. Simler v. Conner, 372 U.S. 221, 222 (1963). The Court shall analyze these factors accordingly, based upon the causes of action asserted herein.

**Claims Based on Pre-Petition Breach of Fiduciary Duty and Unjust Enrichment**

In his capacity as a representative of the bankruptcy estate's creditors, the Trustee has brought four causes of action alleging that Campbell and Cattano breached their fiduciary duties to Debtor and were unjustly enriched by pre-petition distributions made to them when Debtor was insolvent ("Pre-Petition Claims"). The relief sought by the Trustee in the Pre-Petition Claims is limited to the amounts disbursed to Campbell and Cattano by Debtor.

*First Factor of Granfinanciera*

As to the first factor of the Granfinanciera test, claims based on breaches of fiduciary duties are historically actions in equity. See Lee Way Holding Co. v. Liberty Mut. Ins. Co. (In re Lee Way Holding Co.), 118 B.R. 544, 549 (Bankr. S.D. Ohio 1990) ("[An action for breach of fiduciary duty] is historically an action that sounded in equity."); Design Strategies, Inc. v. Davis, 367 F. Supp. 2d 630, 637–38 (S.D.N.Y. 2005) ("'Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity' – carrying with them no right to trial by jury'" (quoting Pereira v. Cogan, 2002 U.S. Dist. LEXIS 8513 at *7 (S.D.N.Y. 2002)); In re Crowe Rope, Indus., LLC, 307 B.R. 1, 5 (Bankr. D. Me. 2004) ("Federal courts are nearly unanimous in holding that a breach of fiduciary duty claim is an action in equity, to which no jury right attaches."). However, unjust enrichment has its historical origins in both equity and law. See Restatement (Third) of Restitution § 4 cmt. b (Am. Law. Inst. 2015) (discussing the difficulties of characterizing unjust enrichment actions because they draw upon the rights and remedies from both the courts of law and the courts of equity). Therefore, as to the breach of fiduciary duty claims, the first factor of the Granfinanciera test favors a finding of no jury trial right; while as to the Trustee's unjust enrichment claims, the first factor appears to be neutral.

5

*Second Factor of <u>Granfinanciera</u>*

While characterized differently in the Complaint, the remedies sought by the Trustee in the Pre-Petition Claims are similar in that they seek monetary relief in the amounts that Debtor disbursed to Campbell and Cattano. Specifically, for the pre-petition breach of fiduciary duty claims, the Complaint alleges that "the Court should grant judgment against" Campbell and Cattano in the amounts disbursed while the Debtor was insolvent. For the unjust enrichment claims, the Complaint alleges that "[e]quity and good conscience require that Campbell [and Cattano] disgorge monies and other benefits obtained improperly from the Debtor in the amount" that was disbursed to them while Debtor was insolvent.

"Generally, an action for money damages was 'the traditional form of relief offered in the courts of law.'" <u>Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry</u>, 494 U.S. 558 (1990) (quoting <u>Curtis v. Loether</u>, 415 U.S. 189, 196 (1974)). However, a monetary award alone is not sufficient to establish that the relief being sought is legal in nature. <u>See</u> <u>id.</u> ("This Court has not, however, held that 'any award of monetary relief must *necessarily* be 'legal' relief." (emphasis in original) (quoting <u>Curtis</u>, 415 U.S. at 196)).

In this proceeding, the monetary relief sought by the Trustee for the Pre-Petition Claims is restitutionary in nature. <u>See</u> Restatement (Third) of Restitution § 1 cmt. A (Am. Law Inst. 2015) ("Liability in restitution derives from the receipt of a benefit whose retention without payment would result in the unjust enrichment of the defendant at the expense of the claimant.").[2]

---

[2] The Court also notes that restitution is a common remedy for both breach of fiduciary duty and unjust enrichment claims. Under South Carolina law, "[t]he remedy for unjust enrichment is restitution." <u>Lewis v. Omni Indem. Co.</u>, 970 F.Supp.2d 437, 455 (D.S.C. 2013). Further, "[a] person who obtains a benefit in breach of a fiduciary duty . . . is liable in restitution to the person to whom the duty is owed." Restatement (Third) of Restitution § 43 (Am. Law Inst. 2015).

6

The Supreme Court has held that restitution can be either a legal or equitable remedy. Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 212–18 (2002). Restitution is a legal remedy when the plaintiff cannot: "assert title or right to possession of particular property, but [the plaintiff] might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him." Id. at 213. Conversely, restitution is an equitable remedy "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession . . . But where the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor" and the relief sought is legal in nature. Id. The Court further elaborated that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." Id. at 214.

For the Pre-Petition Claims, while the Trustee appears to seek to restore the funds that were previously disbursed to Campbell and Cattano, it is unclear from the allegations that the Trustee can presently trace these disbursements to particular funds or property presently in their possession. Therefore, based on the pleadings, the Court finds that the Trustee is seeking legal restitution from the Pre-Petition Claims. For these reasons, the second factor of Granfinanciera supports a finding that Campbell and Cattano are entitled a jury trial on these claims.

7

As the second factor of the Granfinanciera test is more important than the first, the Court finds that the balance of the two factors favors a right to a jury trial on the Pre-Petition Claims.³

**Claim on Post-Petition Breach of Fiduciary Duty**

The Trustee has also brought a claim against Campbell and Cattano, in their capacities as Debtor's controlling officers, for breach of their post-petition fiduciary duties to the estate while Debtor operated as a debtor-in-possession ("Post-Petition Claim"). The Trustee alleges that Campbell and Cattano's breach of duties resulted in an inventory loss of $172,000 and seeks a judgment in that amount.

Under 11 U.S.C. § 1107(a), a debtor-in-possession is required to perform the duties of a bankruptcy trustee. When the debtor-in-possession is a corporate entity, these fiduciary duties pass to the individual officers and managers who conduct the debtor-in-possession's affairs. See Commodity Futures Trading Com'n v. Weintraub, 471 U.S. 343, 355 (1985) ("[I]f a debtor remains in possession—that is, if a trustee is not appointed—the debtor's directors bear essentially the same fiduciary obligation to creditors and shareholders as would the trustee for a debtor out of possession. Indeed, the willingness of courts to leave debtor in possession 'is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee.'" (quoting Wolf v. Weinstein, 372 U.S. 633, 651 (1963))). As part of these obligations, the debtor-in-possession

---

³ In determining if a party is entitled to a jury trial, Granfianciera also requires the Court to determine "whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder." Granfianciera, 492 U.S. at 42. If the claim involves public rights, Congress may deny a jury trial and assign the resolution of the claim to a non-jury tribunal or administrative agency. Id. at 51. However, Congress does not have the "power to strip parties contesting matters of private right of their constitutional right to a trial by jury." Id. at 52. In other words, there is no constitutional right to a jury trial for issues of public rights, but if the matter involves private rights, a right to a jury trial exists.

In the present matter, the Pre-Petition Claims are non-core proceedings based in state law that involve private rights. Because they do not involve public rights, this additional consideration is not determinative.

and its controlling officers are charged with the duty of preserving the bankruptcy estate. In re Durham, 87 B.R. 300, 302 (Bankr. D. Del. 1988) (citing 11 U.S.C. §§ 1107(a), 1106(a)(1) and 704(a)(2)). Upon Debtor's filing of its bankruptcy case, Campbell and Cattano, as controlling officers of Debtor, were charged with the fiduciary duties of a bankruptcy trustee, including the preservation of the assets of the estate.

The Fourth Circuit addressed the potential liability associated with the fiduciary duties of a bankruptcy trustee in Hutchinson v. McGee, 5. F.3d 750 (4th Cir. 1993). In that case, the plaintiffs alleged that the bankruptcy trustee breached her duty under § 704(a)(1) as the trustee did not sell assets of the estate as expeditiously as possible, which resulted in those assets realizing less than their expected value at sale. In addressing whether the plaintiffs were entitled to jury trial on this claim, the Fourth Circuit held that while "many of the duties of a bankruptcy trustee are statutory, the basis for trustee liability is not." Id. at 757. Rather, "[t]he basis for holding bankruptcy trustees liable is the equitable power of courts to enforce fiduciary duties." Id. The Fourth Circuit analogized the plaintiff's claim to an action for a breach of trust, a historically equitable action. See id. ("[Plaintiff's] claim is fundamentally equitable in nature, comparable to an action for breach of trust seeking to compel the trustee to redress the breach."). The Fourth Circuit found that the breach of fiduciary duty action brought against the bankruptcy trustee was equitable in nature; and therefore, the parties were not entitled to a jury trial.

The present case is very similar to Hutchinson. Campbell and Cattano, as controlling officers of Debtor, were charged with the same functions and duties as a bankruptcy trustee and had an obligation under the Bankruptcy Code to be accountable for Debtor's property, including the preservation of the bankruptcy estate. The Post-Petition Claim alleges that

9

Campbell and Cattano breached these statutory trustee duties, which resulted in a loss to the bankruptcy estate. Like the claims in Hutchinson, the basis of Campbell and Cattano's liability for these alleged breaches derive from the equitable power of the Court to enforce the duties of a bankruptcy trustee.[4] Therefore, for these reasons, the Post-Petition Claim is equitable, and Campbell and Cattano are not entitled to a jury trial on that claim.

### The Court's Authority to Conduct a Jury Trial

While this Court, as a bankruptcy court, generally resolves matters without a jury, 28 U.S.C. § 157 permits a bankruptcy judge to conduct a jury trial if the district court designates the bankruptcy judge to exercise such jurisdiction and if the parties to the matter expressly consent to the bankruptcy judge conducting a jury trial. This Court has been designated jurisdiction to conduct a jury trial pursuant to South Carolina Local District Rule 83.IX.03, which provides that "[t]he United States District Court for the District of South Carolina hereby specially designates the bankruptcy judges in this district to conduct jury trials . . . ."

Campbell and Cattano consented to this Court holding a jury trial at the hearing. However, it is unclear from the record if the Trustee has also indicated his consent. Therefore, to determine this Court's authority to conduct a jury trial, the Trustee shall notify the Court as to whether he consents to the Court conducting a jury trial pursuant to 28 U.S.C. § 157(e) within 10 days by filing a correspondence on the Court's docket.[5]

---

[4] The Court also finds that the allegations of the Post-Petition Claim against Campbell and Cattano are comparable to the equitable action of breach of trust. See Restatement (Third) of Trusts § 93 cmt. b (Am. Law Inst. 2012) ("A breach of trust occurs if the trustee, intentionally or negligently, fails to do what the fiduciary duties of the particular trusteeship require or does what those duties forbid, of it the trustee fails in performing a permissible act to conform to applicable fiduciary standards . . . .").

[5] The Trustee's Complaint contains both legal and equitable claims against Campbell and Cattano. The order in which the claims will be heard depends on several items, including the facts and issues involved in each claim. See United States ex. rel. Drakeford v. Tuomey Healthcare Sys., Inc., 675 F.3d 394, 404 (4th Cir. 2012) ("When equitable claims rest on facts necessary to determination of legal claims, 'the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims.'" (quoting Lytle v. Household Mfg., 494 U.S. 545, 551 (1990))). In addition, the Court will consider the Trustee's correspondence

**The Court's Authority to Enter Final Judgments**

The Court must also consider whether it has the authority to enter final judgments when determining if it may conduct a jury trial.[6] This Court, as a non-article III bankruptcy court, does not have the constitutional authority to enter a final judgment in non-core bankruptcy proceeding unless the litigants consent. Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1940, 191 L.Ed.2d 911 (2015). Consent to a bankruptcy court's entry of a final judgment may be either implied or express as long as the consent is "knowing and voluntary." Id. at 1948. "The key inquiry is whether 'the litigant or counsel was made aware of the need for consent and right to refuse it, and still voluntarily appeared to try the case' before the non-Article III adjudicator." Id. (quoting Roell v. Withrow, 538 U.S. 580, 590 (2003)).

In this proceeding, the parties have knowingly and voluntarily consented to the Court's entry of final judgments. The Final Authority Provision in the **Consent Scheduling Order** provided the parties an opportunity to file a motion to challenge the Court's authority to enter final judgments by December 19, 2014 and that if such motion is not filed by this date, it shall constitute the party's consent to the Court's authority to enter final judgments. Neither the Trustee nor Campbell and Cattano filed a motion as contemplated under this provision, and therefore have consented to the Court's authority to enter final judgments. Further, the parties

---

regarding whether he consents to the Court conducting a jury trial in determining the order that the claims may be heard.

[6] Without authority to enter final judgments, this Court may only enter a proposed findings of fact and conclusions of law, which are then reviewed *de novo* by the district court. 28 U.S.C. § 157(c)(1). A district court's *de novo* review of a jury's findings of fact would appear to violate the Seventh Amendment of the Constitution as "no fact tried by a jury, shall be otherwise reexamined in any court of the United States . . . ." Therefore, it appears that in order to conduct a jury trial, a bankruptcy judge must also have the authority to enter final judgments in the proceeding.

11

continue to voluntarily appear before this Court to adjudicate this proceeding. Therefore, the Court has the consent of the parties to enter final judgments in this proceeding.

## CONCLUSION

For the reasons stated, the Court has the authority to enter final judgments in this proceeding based on the consent of the parties. In addition, Campbell and Cattano are entitled to a jury trial on the Pre-Petition Claims, but are not entitled to a jury trial on the Post-Petition Claim. To determine if the requirements of 28 U.S.C. § 157(e) are satisfied, the Trustee shall notify the Court as to whether he expressly consents to the Court conducting a jury trial within 10 days of the filing of this Order by filing and serving a correspondence on the Court's docket.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
July 21, 2016

**FILED BY THE COURT**
**07/21/2016**



*/s/ John E. Waites*
US Bankruptcy Judge
District of South Carolina

Entered: 07/21/2016

12